MAINE FARMER PUBLISHING COMPANY *vs.* SUMNER ROWE.

Kennebec.    Opinion April 6, 1911.

*Contracts.    Construction.    Performance.    Breach.    Remedy.*

1.  When one makes a contract for services to be rendered another, but stipulates in the contract that the product of the services shall be delivered to himself, a delivery to the person for whom the contract was made is not the delivery stipulated for in the contract, and will not sustain an action on the contract.

2.  In such case a subsequent tender of the larger part of the product of the stipulated services, if refused, will not sustain an action for the contract price. The remedy, if any, is an action for the damages sustained by the refusal to accept.

On report.    Judgment for defendant.

Assumpsit on an account annexed to recover the sum of $486.45 for printing, binding, etc., certain books called a "Municipal History of Waterville." The declaration also contained a count declaring specially upon a written contract between the plaintiff and the defendant, relating to the same books.    Plea, the general issue. At the conclusion of the evidence, the case was reported to the Law Court for determination.

The case is stated in the opinion.

*Melvin S. Holway*, for plaintiff.

*F. W. Clair*, for defendant.

Sitting: Emery, C. J., Whitehouse, Savage, Spear, King, Bird, JJ.

Emery, C. J.  The evidence shows the following case:  Mr. Giveen, having prepared the manuscript for a history of Waterville, began negotiations with the plaintiff's agent, Mr. French, for the printing and binding of the history for him.  The plaintiff desired some guaranty or security for the payment for the work, whereupon Giveen arranged with the defendant to make the contract with the plaintiff for the work.  The plaintiff accepted the defendant as a responsible party, and they made the following contract:

Augusta, Maine, July 25, 1908.

Being Copy of Agreement between Maine Farmer Publishing Company and Mr. Sumner Rowe, Agent.

It is hereby agreed that said publishing Company shall print and deliver to Mr. Sumner Rowe 1,000 copies of a municipal history, specifications as follows:  About 240 pages, size 6″ x 9″, set in 10 point solid type, printed on 25 x 38-60 Antique Book of good quality, and containing 10 halftone inserts; 500 books to be bound in best binding obtainable at 20c each; proof to be read by Mr. Rowe or Mr. Giveen; books to be delivered within a reasonable period of time and as soon as possible after receiving copy; price on basis of 240 pages to be $390 less 10 per cent for cash in 30 days from delivery of books.  Extra pages of type matter to be figured at $1.25 per page, any decrease in number of pages below 240 to be figured at $1 per page for each page less than the specified number.

Signed  Maine Farmer Publishing Co.
By  Geo. H. French
Signed  Sumner Rowe, Agent.
By  ————————

When the work was done the plaintiff shipped the 500 bound books to Mr. Giveen at Waterville with a bill for the whole work made out to "Sumner Rowe (the defendant) Agent, C. M. Giveen."

Mr. Giveen received the books and began to sell them on his own account.  The defendant was not informed at the time of the delivery to Giveen, and only learned of it incidentally after Giveen had sold some 100 copies of the book.  He thereupon notified the plaintiff that the books not having been delivered to him as stipulated in the contract, he should have nothing to do with them and considered himself released from the contract.  Mr. French, agent for the plaintiff, endeavored to make some arrangement satisfactory to the defendant for the acceptance by him of the bound and unbound books that had not been sold by Giveen, but the defendant persisted in his refusal to accept them.  The plaintiff thereupon obtained from Giveen the return of the books he had not sold, and also his agreement to pay for the work done under the contract, and to allow the plaintiff to sell all the books bound and unbound in case he failed to make.the agreed payments, the proceeds to be applied to those payments.

Sometime afterward, nothing having been paid either by the defendant or Giveen, the plaintiff brought this action for the full contract price, counting upon an account annexed as for completed work, and also specially upon the contract itself alleging full performance upon the plaintiff's part including the delivery stipulated in the contract.

There is no evidence nor claim that full performance by the plaintiff was waived, but on the other hand it is not questioned that the contract was fully performed by the plaintiff if it made the delivery stipulated for in the contract.  The plaintiff claims that it did ; that Giveen was the defendant's agent authorized to receive delivery for him, or at least that the defendant held him out to the plaintiff as so authorized.  All this the defendant denies.  We do not see enough in the evidence to sustain the plaintiff's contention on this vital point.  The plaintiff knew that the defendant was not interested in the subject matter of the contract, but was becoming surety for Giveen who was not of satisfactory financial credit.  The plaintiff knew, or should have known, that the stipulation for delivery to the defendant was necessary, and made, for the defendant's protection against Giveen's apprehended default.  Hence the

delivery to Giveen cannot be regarded as a delivery to the defendant, or the delivery required by the contract. The stipulation for delivery was a material part of the contract and until it was performed by the plaintiff, the defendant was not bound to make the stipulated payments.

The plaintiff, however, claims that it received back from Giveen 385 of the 500 bound books and offered to deliver them, and also the unbound books, to the defendant, but he declared he would not accept them. Such an offer and refusal, however, would not sustain this action. The remedy in such case would be an action for damages caused by the refusal to accept. The plaintiff retained the possession of, and at least a special property in, the books with authority from Giveen, the owner of the manuscript and copyright, to sell them to the extent of its claim.

The defendant would acquire no property in them until acceptance. *Moody* v. *Brown*, 34 Maine, 107.

*Judgment for the defendant.*